**Roberto Hermosillo SALINAS; Gloria Padilla, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74746.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

As Amended June 12, 2007.

Norma M. Molinar, Esq., San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., Thomas Fatouros, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER and BEA, Circuit Judges.

MEMORANDUM **

Roberto Hermosillo Salinas and Gloria Padilla seek review of an order of the Board of Immigration Appeals upholding an immigration judge's order denying their applications for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003), and petitioners do not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We note that the Immigration Judge granted voluntary departure for a 60-day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60-day voluntary departure period. Petitioners' motion to remand is granted in this respect.

**PETITION FOR REVIEW DISMISSED in part and REMANDED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.